IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CANDEMEIA BENDER,** *Plaintiff*, v. **MARK T. ESPER, Secretary of the Department of Defense,** *Defendant*. | **CIVIL ACTION NO. 5:19-cv-00355-TES** |

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

Now pending before the Court is Defendant's Partial Motion to Dismiss [Doc. 10] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons explained below, the Court **GRANTS** Defendant's Motion**.**

### I.    FACTUAL SUMMARY

The Defense Commissary Agency ("DeCA") employed Plaintiff for approximately five years. [Doc. 1 at p. 2]. On March 15, 2018, Plaintiff filed an Equal Employment Opportunity complaint ("EEO complaint") alleging both racial and sexual harassment. [Doc. 1 at p. 13]. In September 2018, she filed a second EEO complaint alleging retaliation for participating in protected activity. [*Id*.]. After not receiving an

1

administrative answer to her EEO complaints and more than 180 days having elapsed, Plaintiff filed her suit in this court on September 6, 2019. [*Id.* at pp. 13–14]. In addition to her harassment complaints, she also alleged a cause of action for violation of the Family Leave and Medical Act ("FMLA"). [*Id.* at pp. 20–22]; *see generally* 29 U.S.C.A. § 2601, *et seq.*

On November 19, 2019, Defendant MARK T. ESPER ("The Secretary") filed his Partial Motion to Dismiss. [Doc. 10]. The Secretary contends that because Plaintiff is a Title II Federal Government Employee, she does not have a private right of action to sue the Federal Government for alleged FMLA violations. *Diggs v. Shinseki*, No. CV-109-111-JRH, 2009 WL 3753999, *3 (S.D. Ga. Nov. 9, 2009). In her response, [Doc. 17] Plaintiff agrees that she may not bring a FMLA claim in this court but argues that her claims should be dismissed *without* prejudice. [Doc. 17 at ¶ 5.]. The Secretary argues that the Court must dismiss her claims *with* prejudice. [Doc. 18].

II.     **STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, parties may assert the defense that the Court lacks subject-matter jurisdiction to hear a case, and, if the Court finds that subject-matter jurisdiction is indeed lacking, it must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3). *See e.g. Douglas v. United States*, 814 F.3d 1268, 1275 (11th Cir. 2016); *McElmurray v. Consol. Gov't of Augusta–Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233

(11th Cir. 2008) Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997). Further, a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to adequately state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560 (2007)).

Other district courts in this circuit have held that "federal employees such as [p]laintiff are covered by Title II of the FMLA, which does not provide a private right of action, thereby indicating that the federal government has not waived its sovereign immunity with respect to any FMLA claims." *Diggs v. Shinseki*, No. CV-109-111-JRH, 2009 WL 3753999, at *3 (S.D. Ga. Nov. 9, 2009). Moreover, the Eleventh Circuit has held that "the absence of an express authorization [of a private right of action] precludes [a plaintiff's] FMLA claim for retaliation because the United States Supreme Court has held that the sovereign immunity of the United States may only be waived through an 'unequivocal' expression of Congressional intent to do so." *Diggs*, at *2 (quoting *Cavicchi v. Sec'y of Treasury*, No. 04-10451, 2004 WL 4917357, at *6 (11th Cir. Oct. 15, 2004) (per curiam); *see also Souers v. Green*, 2010 WL 1169730, *7 (S.D. Ga. Mar. 23, 2010) (holding, "Title II federal employees may not bring private suits for retaliation based on the FMLA.").

Additionally, the Eleventh Circuit has held that it is not an abuse of discretion for the district court to dismiss a complaint with prejudice, "where any amendment to

3

the complaint would not have cured the lack of subject matter jurisdiction, a fatal deficiency." *Lewis v. United States*, 502 F. App'x 862, 863 (11th Cir. 2012). Furthermore, at least one other district court in the Eleventh Circuit has held that an FMLA claim may be dismissed with prejudice when the plaintiff is a federal employee covered by Title II of the FMLA. *See Dalton v. Centers for Disease Control & Prevention*, No. 1:11-CV-3392-MHS, 2012 WL 12552340, at *2 n.1 (N.D.Ga. Sept. 13, 2012), *aff'd sub nom. Dalton v. Centers for Disease Control & Prevention & Agency for Toxic Substances & Disease Registry*, 602 F. App'x 749 (11th Cir. 2015).

### III. DISCUSSION

In the instant case, Plaintiff does not dispute that, as a federal employee, she falls under Title II of the FMLA, and thus is simply not afforded a private right of action under that act. [Doc. 17]; *see also* 5 U.S.C. § 6381; *Keen v. Brown*, 958 F. Supp. 70, 72 (D. Conn. 1997) (holding that there is no private right of action in Title II of the FMLA)). The Defendant correctly argues that the "Plaintiff does not now and will not in the future, possess a private right of action under the FMLA to sue the Federal Government in district court as a Federal Government employee," and, as the court finds that no amendment to her Complaint can cure this "fatal deficiency," dismissal with prejudice is the proper (and logical) remedy. [Doc. 18, p. 2]; *Lewis*, 502 F. App'x 862, 863.

Accordingly, for the reasons discussed above, the Court **GRANTS** Defendant's Partial to Dismiss and **DISMISSES** Plaintiff's FMLA claim **with prejudice** for lack of

4

subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(1), 12(h)(3), 12(b)6.

**SO ORDERED** this 3rd day of February, 2020.

s/Tilman E. Self, III<br>
TILMAN E. SELF, III, JUDGE<br>
UNITED STATES DISTRICT COURT