# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CANDAMEIA BENDER,**<br><br>*Plaintiff*,<br><br>v.<br><br>**MARK T. ESPER**, *as Secretary of the Department of Defense*,<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:19-cv-00355-TES** |

## ORDER GRANTING MOTION FOR PARTIAL DISMISSAL and DENYING MOTION FOR PRELIMINARY INJUNCTION

Before the Court are two motions: (1) Defendant's Partial Motion to Dismiss for Failure to State a Claim [Doc. 28], as related to Counts IV[1] and V[2] of Plaintiff's Amended Complaint[3]; and (2) Plaintiff's Motion for a Preliminary Injunction [Doc. 30], where Plaintiff requests that the Court immediately enjoin Defendant from its allegedly discriminatory practices and provide Plaintiff with a reasonable accommodation for her

---

[1] Count IV alleges that Defendant's conduct "constitutes withholding overtime pay in violation of the Fair Labor Standards Act," 29 U.S.C. § 201 *et seq*. [Doc. 25, ¶ 126]. However, Defendant has withdrawn that portion of his motion. [Doc. 34, n.1].

[2] Count V alleges that Defendant failed to provide a reasonable accommodation in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act") and that Defendant failed to consider what reasonable accommodation may be appropriate for Plaintiff's disability. [Doc. 25, ¶ 143].

[3] "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 647 F.2d 1365, 1370 n.6 (11th Cir. 1982).

disabilities.[4] After consideration of the parties' briefs and the applicable law,[5] the Court **GRANTS** Defendant's Partial Motion and as a result, **DENIES** Plaintiff's Motion **as moot**.

## FACTUAL SUMMARY

The following facts arise from Plaintiff's First Amended Complaint, and the documents attached to Defendant's Partial Motion to Dismiss.[6] Unless otherwise noted, the Court has assumed them to be true for the purpose of ruling on Defendant's Partial Motion to Dismiss and subsequently, Plaintiff's Motion for Preliminary Injunction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The Department of Defense employs Plaintiff in its Defense Commissary Agency and she has worked there for approximately 5 years. [Doc. 25, ¶¶ 3, 7]. In September 2017, Plaintiff received a promotion and relocated to the Commissary at Robins Air

---

[4] To put a finer point on it, Plaintiff basically wants the Court to enter an order (disguised as a preliminary injunction) declaring that she automatically wins on her RA claim.

[5] An evidentiary hearing is required for entry of a preliminary injunction only "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." *Shabazz v. Inch*, 2:17-cv-648-FtM-29NPM, 2020 WL 4261299, at *2 (M.D. Fla. July 24, 2020) (quoting *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (citing *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312 (11th Cir. 1998)). Because the Court accepts the facts in Plaintiff's Amended Complaint as true and the parties basically agree on the relevant facts, the Court need not hold a full-blown evidentiary hearing.

[6] "A [c]ourt may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, Plaintiff filed a response to Defendant's partial dismissal motion and did not object to or challenge his use of the documents he attached. *See generally* [Doc. 31]. In fact, Plaintiff even referenced several of the documents in her own arguments opposing Defendant's Motion. [*Id.* at pp. 4–5, 7–8, 10].

Force Base in Houston County as Supervisory Store Associate. [*Id.* at ¶ 7]. Plaintiff received excellent appraisals, bonuses, and even an award in her new position. [*Id.* at ¶ 10]. Then, in December 2017, Richard Martinez ("Mr. Martinez") assumed the position of Customer Service Manager at the same Commissary as Plaintiff. [*Id.* at ¶¶ 11, 15]. Within three months of Mr. Martinez's arrival, Plaintiff complained to a secondary supervisor about his inappropriate behavior during work hours. [*Id.* at ¶ 19]. In March 2018,[7] Plaintiff filed an Equal Employment Opportunity complaint ("EEO") alleging race and sex discrimination by Mr. Martinez and complained to a different supervisor that Mr. Martinez's behavior created a hostile work environment. [*Id.* at ¶¶ 24, 78].

Plaintiff claims that the hostile work environment caused her to suffer extreme anxiety and headaches. [*Id.* at ¶ 25]. During the following months, Mr. Martinez's inappropriate behavior escalated, and as a result, Plaintiff experienced difficulty sleeping and eating. [*Id.* at ¶ 44]. In September 2018, Plaintiff's doctor recommended that she take a leave of absence (until December 5, 2018) under the Family Medical Leave Act to treat her anxiety, which Defendant approved. [*Id.* at ¶ 59].

In December 2018, Plaintiff received a diagnosis of anxiety and major depressive disorders. [*Id.* at ¶ 25]. Plaintiff's doctor at the time also recommended that she "be

---

[7] In her Amended Complaint, Plaintiff identifies two dates when she filed her first EEO complaint. *Compare* [Doc. 25, ¶ 24 ("On March 5, 2018, Ms. Bender filed an EEO Complaint and complained directly to Mr. Verling that Mr. Martinez was creating a hostile work environment.")] *with* [Doc. 25, ¶ 78 ("On March 15, 2018, Ms. Bender filed her first EEO Complaint alleging discrimination on the basis of race (black) and sexual harassment (female).")].

reassigned to a conveniently located but different work environment within the Agency without supervision of present management." [Doc. 28-4, p. 3]. Defendant received notice of Plaintiff's medical diagnosis and her doctor's recommended accommodation that she not return to the same Commissary. [*Id.* at ¶¶ 60–61].

On January 25, 2019, Plaintiff's former attorney sent a letter to the Director of the EEO Office for the Defense Commissary Agency to request that "management locate suitable work assignment [for Plaintiff] under different management," or else "promptly remove harassing employees from the hostile environment worksite." [Doc. 28-5, p. 3].

On February 6, 2019, Plaintiff's doctor submitted an ADA-Related Questionnaire with the recommendation that she be "moved to an equal position within the Agency, but under a completely different line of management." [Doc. 28-3, p. 1]. Since February 2019, Plaintiff began psychiatric treatment for her disability at "the [Veterans Administration] Medical Center", and her psychiatrist submitted regular progress notes requesting that Plaintiff's leave without pay be extended because of Defendant's failure to provide the requested reassignment as a reasonable accommodation. [Doc. 25, ¶¶ 67–69].

Plaintiff contends that Defendant refused to provide her with any reasonable accommodation despite her allegation that she requested one on numerous occasions. [*Id.* ¶ 140]. More specifically, she contends that Defendant denied her the reasonable

accommodation of a reassignment or transfer to a different store or agency within the Department of Defense, and that Defendant failed to consider whether other reasonable accommodations might be appropriate. [*Id.* ¶¶ 73–74].

## DISCUSSION

### A. Legal Standard

When ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), district courts must accept the facts set forth in the complaint as true. *Twombly*, 550 U.S. at 572. A complaint survives a motion to dismiss if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further

factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. In addition to considering the four corners of a complaint, a district court may also consider an extrinsic document only if it is central to a plaintiff's claim and its authenticity has not been challenged. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

### B.  Defendant's Partial Motion to Dismiss

Plaintiff brings a failure to accommodate claim in violation of the Rehabilitation Act of 1973,[8] alleging that she requested a reasonable accommodation for her disability that Defendant refused to provide. Upon refusal of her request, Plaintiff alleges that Defendant failed to consider other reasonable accommodations to appropriately address her disability. Plaintiff is mistaken in both regards.

#### i  Failure to Accommodate Claim

The Court starts under the premise of well-established law that an employer's failure to reasonably accommodate an individual with a disability may very well constitute discrimination under the Rehabilitation Act, "so long as that individual is

---

[8] "Section 504 of the Rehabilitation Act of 1973 prohibits entities receiving federal funds from discriminating against otherwise qualified individuals with disabilities." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017).

'otherwise qualified,' and unless the employer can show undue hardship." *Musgrave v. Vilsack*, 173 F. Supp. 3d. 1337, 1345 (M.D. Ga. 2016) (citations omitted). More specifically, "[t]o establish a prima facie case[9] for failure to accommodate, [a plaintiff] must show that (1) [she] is disabled; (2) [she] was a 'qualified individual' at the relevant time, meaning [she] could perform the essential functions of the job in question with or without reasonable accommodations; and (3) [she] was discriminated against by way of the defendant's failure to provide a reasonable accommodation." *Solloway v. Clayton*, 738 F. App'x 985, 988 (11th Cir. 2018). For purposes of this Motion, the parties do not raise any issues related to the first two prongs of the prima facie case. Rather, the only issue dispute centers on the reasonableness of the requested accommodation.

For starters, Plaintiff bears the initial burden to identify a reasonable accommodation to suit her disability. *See Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000). In fact, Plaintiff says that she requested an accommodation on numerous occasions. *See, e.g.*, [Doc. 25]; [Doc. 28-3]; [Doc. 28-4]; [Doc. 28-5]; [Doc. 28-6]. Defendant does not dispute that Plaintiff requested an accommodation for her disability and he doesn't deny that he rejected her proposed accommodation. The only question for the Court to decide is if the accommodation Plaintiff requested was a "reasonable" accommodation. If it was, Plaintiff wins; if it wasn't, Defendant wins. Simple as that.

---

[9] "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases." *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

"There are limits to the accommodations an employer must provide," and those limits are governed by a standard of reasonability. *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020). "An accommodation is reasonable and required only if it enables the employee to perform an essential function of the job." *McKane v. UBS Fin. Ser., Inc.*, 363 F. App'x 679, 681 (11th Cir. 2010).

An employee does not have the right to force her employer to provide an accommodation that she finds most preferable; rather, the Rehabilitation Act only entitles her to an accommodation that is reasonable under the circumstances. *See D'Onofrio Corp.*, 964 F.3d at 1022 (citing *Steward v. Happy Herma's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285–86 (11th Cir. 1997) ("[A]n employee is entitled only to a reasonable accommodation and not to a preferred accommodation.")). That said, case law has evolved over time and determined some preferred accommodations to be unreasonable as a matter of law. Obviously, if our courts have labeled a particular accommodation to be unreasonable, then it goes without saying that employees are not entitled to those accommodations.

Most recently, the Eleventh Circuit Court of Appeals unequivocally held that "[a] transfer [of an employee] from an incompatible supervisor is not a 'reasonable accommodation.'" *D'Onofrio Corp.*, 964 F.3d at 1024 (citing *Santandreu v. Miami-Dade Cty.*, No. 10-24616-CIV-ALTONAGA/Simonton, 2011 WL 13136161, at *11 (S.D. Fla. Aug. 1, 2011), *aff'd*, 513 F. App'x 902 (11th Cir. 2013)). Thus, a plaintiff that requests

reassignment or transfer due to issues with an incompatible supervisor fails to satisfy her burden of requesting a "reasonable" accommodation because her request is, as a matter of law, unreasonable. This is precisely what we have in this case.

As previously mentioned, Plaintiff requested accommodation on numerous occasions. However, each accommodation request substantively asked Defendant to provide the same accommodation, i.e., reassign from her present work environment due to issues with her supervisor. But in order to be thorough, the Court examines each request in turn.

In Plaintiff's Amended Complaint, she alleges that Defendant failed to reassign or transfer her to a different store or agency somewhere within the Department of Defense. She alleged that her supervisor, Mr. Martinez created a hostile work environment, and as a result, she suffered extreme anxiety and headaches. Similarly, Plaintiff alleges that in September 2018, her doctors recommended that she receive a reasonable accommodation that included not allowing Plaintiff to return to the same Commissary.

In addition to the Amended Complaint, Plaintiff's doctor submitted a Department of Labor WH-380-E Form, Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act) in December 2018, with the recommendation that: "[Plaintiff] be reassigned to a conveniently located but different work environment within the Agency *without supervision of present*

*management*. If [Plaintiff] could return to work *in a different and wholesome environment*, it would be the best resolution for her mental health." [Doc. 28-4, p. 3] (emphasis added).

In January 2019, Plaintiff retained counsel and contacted the Director of the Agency's EEO Office via letter stating that: "If no progress is promptly made toward locating a suitable work assignment [for Plaintiff] *under different management*, [then] the only appropriate means of satisfying the reasonable accommodation is for the Agency to promptly remove harassing employees from the hostile environment worksite." [Doc. 28-5, pp. 3–4] (emphasis added).

Then again in February 2019, Plaintiff's doctor completed an ADA-Related Questionnaire with the recommendation that she be "moved to an equal position, within the Agency, but *under a completely different line of management*." [Doc. 28-6, p. 2] (emphasis added).

Despite slight variations in language, each requested accommodation essentially asks Defendant to transfer or reassign her in order to place her under different supervision. Because this request to accommodate was unreasonable as a matter of law, she cannot make out a prima facie case of discrimination under the Rehabilitation Act.

      ii.      <u>Failure to Engage in the Interactive Process</u>

Plaintiff also alleges that Defendant failed to consider other possible reasonable

accommodations that may appropriately address her disability.[10] However, when a plaintiff files suit against an employer for a failure to provide a reasonable accommodation, and offers a request that is *unreasonable as a matter of law*, then the employer has no obligation to effectively negotiate with itself and suggest reasonable accommodations on the plaintiff's behalf. The law is quite settled on this matter—"where a plaintiff cannot demonstrate 'reasonable accommodation,' the employer's lack of investigation into reasonable accommodation is unimportant." *Willis v. Conopco, Inc.*, 108 F.3d 282, 285 (11th Cir. 1997). Here, Plaintiff offered a patently unreasonable accommodation, and the Defendant rejected it. However, the burden of requesting an accommodation always rests with the Plaintiff and the employee can never shift that burden to the employer. Plaintiff has no claim against Defendant for not engaging in an interactive process with her.

    **C.**    <u>**Plaintiff's Motion for Preliminary Injunction**</u>

Plaintiff seeks a preliminary injunction regarding her discrimination claim under the Rehabilitation Act, alleging that she has established a prima facie case for a failure to accommodate and that she is likely to succeed on the merits. [Doc. 25, p. 5].

---

[10] While Plaintiff does not expressly assert a claim against Defendant for a failure to engage in the interactive process under the ADA in her Amended Complaint, Plaintiff does specifically allege that "Defendant has failed to provide Plaintiff with a reasonable accommodation *or even consider* what reasonable accommodation would be appropriate." [Doc. 25, ¶ 142] (emphasis added).

District courts may grant injunctive relief only when the moving party shows that:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be satisfied unless the injunction issues: (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). The Court denies Plaintiff's Motion for a Preliminary Injunction on multiple grounds.

First, Plaintiff fails to show that she will likely succeed on her claim for disability discrimination. The Court has already ruled that Plaintiff failed to establish her prima facie case for discrimination as related to her claim under Rehabilitation Act. Therefore, it is impossible for Plaintiff to show a very strong likelihood of success on the merits when the Court already dismissed that claim.

Notwithstanding Plaintiff's initial failure, the Court also notes that Plaintiff cannot show a substantial likelihood that she will suffer an irreparable injury if the Court doesn't grant her a preliminary injunction. "The absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Id*. Regarding this requirement, the Court need not look any further than Plaintiff's own admissions.

On July 22, 2020, the Court scheduled a hearing on Plaintiff's Motion for Preliminary Injunction. Yet, five days before the scheduled hearing, Plaintiff moved to

12

continue it, stating that she "expects to soon learn information that may render her request for preliminary injunctive relief unnecessary at which point she would be able to withdraw her Motion for Preliminary Injunction." [Doc. 35, ¶ 1]. Plaintiff then requested the Court to "continue said hearing for a period of *several weeks* to allow for enough time to learn whether the hearing on Plaintiff's Motion will be necessary." [*Id.* at ¶ 2] (emphasis added).

The most basic logic dictates that if Plaintiff can afford to wait several weeks to determine if she wants to go forward with her motion for a preliminary injunction, then it is highly unlikely that Plaintiff is suffering an irreparable harm that requires the Court to issue such an "extraordinary and drastic remedy" as a preliminary injunction. *Siegel*, 234 F.3d at 116 (citing *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). Parties seeking a preliminary injunction will obtain one only upon a establishing a "real and immediate—as opposed to a merely conjectural or hypothetical threat of *future* injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). Plaintiff's allegations of irreparable injury from an injury she apparently suffered 33 months ago are unconvincing.[11]

---

[11] In his opposition to Plaintiff's Motion for a Preliminary Injunction, Defendant argues that Plaintiff has not suffered an irreparably injury by pointing out the highly-persuasive fact that Plaintiff has already been on leave for 33 months and waited several months after filing her complaint to request the extraordinary remedy of a preliminary injunction. [Doc. 34, p. 6].

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Partial Motion to Dismiss [Doc. 28] and **DENIES** Plaintiff's Motion for Preliminary Injunction [Doc. 30].

**SO ORDERED**, this 24th day of August 2020.

s/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
