# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CANDAMEIA BENDER,**  *Plaintiff,*  v.  **MARK T. ESPER,**  *Defendant.* | **CIVIL ACTION NO.**  **5:19-cv-00355-TES** |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 40], whereby Plaintiff challenges the Court's Order [Doc. 38] granting Defendant's Partial Motion to Dismiss and denying Plaintiff's Motion for Preliminary Injunction. In that Order, the Court first dismissed Plaintiff's failure-to-accommodate claim under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, for failure to state a claim and then denied Plaintiff's request for preliminary injunctive relief against Defendant's alleged discriminatory practices.[1] [Doc. 38]. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 40].

---

[1] To be clear, the Court also denied Plaintiff's request for the Court to "require Defendant to engage in the interactive process in good faith" in order to determine a reasonable accommodation for her, and then "provide Plaintiff with a reasonable accommodation that she is otherwise entitled under the same." [Doc. 30, p. 2].

## DISCUSSION

### A.    Motion for Reconsideration Standard of Review

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa.[2] Therefore, "[i]n the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for

---

[2] This motion makes the second motion for reconsideration that Plaintiff has already filed in this case, which when filed was barely out of the motion-to-dismiss phase. Plaintiff filed her first one early in the proceedings, requesting the Court to reconsider its decision to deny her leave to proceed in this action *in forma pauperis* (without prepayment of the filing fees). *See generally* [Doc. 4]; [Doc. 5]. The Court denied that motion as well. [Doc. 7]. Plaintiff runs the risk of running afoul of the Court's rule that clearly says that motions for reconsideration should absolutely not be filed "as a matter of routine practice." L.R. 7.6, MDGa.

reconsideration be used "as an opportunity to show the court 'how it could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

**B.     Analysis**

Given the limited circumstances in which it is appropriate for a party to bring a motion for reconsideration, the Court now turns to Plaintiff's purported basis for bringing such a motion. In broad summation, Plaintiff argues that Defendant, in his Partial Motion to Dismiss, misstated her reasonable accommodation request. Plaintiff's argument then follows that the Court improperly considered this misstatement when issuing its prior ruling and misapplied the proper standard of law for a failure-to-accommodate claim under the Rehabilitation Act. On this basis, Plaintiff appears to allege a "clear error of law" that entitles her to a reconsideration of the Court's earlier ruling. However, upon review of the substantive argument embodied within her Motion for Reconsideration, the Court finds that Plaintiff largely reargues her response to Defendant's Partial Motion to Dismiss.

Plaintiff's first argument is that Defendant, in his Partial Motion to Dismiss, misstated her reasonable accommodation request as one for a transfer to new supervision. [Doc. 40, pp. 1, 3]. Instead, Plaintiff argues the scope of her reasonable accommodation request was much broader—an argument fully discussed in Plaintiff's

3

Response [Doc. 31] to Defendant's Partial Motion to Dismiss.[3] In support of her argument, Plaintiff first redirects the Court's attention to factual allegations it has already analyzed when it discussed the scope of Plaintiff's reasonable accommodation request in its Order. *See* [*id.* at pp. 1–2; *see generally* [Doc. 38]. Rather, the only new argument presented arises from Plaintiff's sudden assertion that the individual, whose actions largely serve as the basis of this suit, was never her supervisor. [Doc. 40, p. 2].

But, that is not what she said in her Amended Complaint. And, based on how Plaintiff amended[4] her pleadings, Defendant and the Court reasonably relied on those

---

[3] Plaintiff admits that the argument she now presents for reconsideration is one that she has *already* presented in a prior brief. As to this point, Plaintiff argues:

> On May 18, 2020, Defendant filed a Partial Motion to Dismiss (Doc. 28), arguing that [Plaintiff's] claim under the Rehabilitation Act for failure to provide a reasonable accommodation should be dismissed. Defendant argued that 'Plaintiff's Request for Reassignment to New Supervision' is unreasonable as a matter of law (Doc. 28-1 at 5–11). This was a misstatement of the claim, which [Plaintiff] attempted to address in her response (*see* Doc. 31 at 8–9), but the misstatement now appears to have caused the application of the incorrect standard.

[Doc. 40, p. 1]. It appears that Plaintiff takes issue with how the Court considered her argument at the time it was presented, and now wishes to present the merits of such an argument once again in the hopes of receiving a different result. It is not appropriate for a party to use a motion for reconsideration as an opportunity to reargue a matter the Court has already ruled on simply because that ruling is not in her favor. *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. GA. July 28, 2009) (quoting *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003); *see United States v. Dean*, No. 20-11603, 2020 WL 7655426, at *2 (11th Cir. Dec. 23 2020) ("A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief.").

[4] Plaintiff amended her original Complaint by specifically naming Mr. Martinez as the perpetrator of certain alleged discriminatory behaviors. Then, Plaintiff restated those same alleged discriminatory behaviors (in a different section of her pleading) and attributed them to "Plaintiff's supervisor." The Court is capable of viewing Plaintiff's Complaint in its entirety to learn the identity of the supervisor alleged to engage in such behaviors, as they are the same behaviors alleged to have been committed by Mr. Martinez.

4

statements naming this individual (Mr. Martinez) as her supervisor. *Compare* [Doc. 25, ¶ 51 ("Mr. Martinez changed [Plaintiff's] assignment on several occasions so that she was working 48 to 50 hours per week.")], *with* [Doc. 25, ¶ 121 ("Plaintiff's supervisor would frequently, and on short notice, change Plaintiff's work assignments so that she was working 48 to 50 hours per week.")]; *compare* [Doc. 25, ¶ 28 (" Mr. Martinez also scheduled employees so that [Plaintiff's] area was consistently understaffed[.]")], *with* [Doc. 25, ¶ 123 ("On other occasions, Plaintiff had to work overtime hours because Defendant was short-staffed due to the environment that her supervisor had created.")]; *compare* [Doc. 25, ¶ 49 ("On several occasions, Mr. Martinez retroactively altered [Plaintiff's] time and attendance sheets by marking her as absent on days she was on duty in order to take away hours that she had worked.")], *with* [Doc. 25, ¶ 122 ("On several occasions, Plaintiff's supervisor retroactively changed her time and attendance records so that they did not reflect the true amount of hours that Plaintiff worked.")]. The Court clearly rejects any argument by Plaintiff that she never says that Mr. Martinez wasn't her supervisor because her Amended Complaint clearly says he was.

      Lastly, Plaintiff's main grievance with the Court's Order is its reliance on *D'Onofrio v. Costco Wholesale Corporation*, 964 F.3d 1014 (11th Cir. 2020). More specifically, it appears that Plaintiff takes issue with the ruling in *D'Onofrio*. *See* [Doc. 40, p. 4 ("For some reason, the *D'Onofrio* Court found that, because a transfer of *an employee from an incomparable (sic) supervisor* is not a reasonable accommodation, neither

5

was the request in that case.")]. Plaintiff also finds it necessary to note the makeup of the three-judge panel that issued the ruling in this *published* decision. [*Id.* at p. 5 n.2 ("It should be noted that this decision was made by a three-judge panel, with a dissent drafted by an Eleventh Circuit Judge, and the opinion drafted by a Judge from the Sixth Circuit, sitting by designation.")]. Regardless of the makeup of the panel that published this opinion, it is still a published opinion that has precedential value that this Court must constitutionally follow. If the Plaintiff takes issue with the precedential value of the opinion or even the holding itself, Plaintiff must take that up with the Court that issued the opinion. But, complaining about a higher court's reasoning in one of its opinions is never an appropriate use for a motion for reconsideration.

Plaintiff has not met her heavy burden to show why the Court should reconsider its previous decision[5], and as a result, the Court is not persuaded that its prior Order [Doc. 38] was clearly erroneous. Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 40].

**SO ORDERED**, this 6th day of January, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] The Court also notes that Plaintiff sought reconsideration of the denial of her Motion for Preliminary Injunction [Doc. 30]. However, Plaintiff presented no argument as to why the Court should reconsider its prior ruling on that matter. Therefore, any request for reconsideration is similarly denied.