**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CANDAMEIA BENDER,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:19-cv-00355-TES** |
| **MARK T. ESPER,** as Secretary of the Department of Defense, | |
| *Defendant.* | |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**ENTRY OF FINAL JUDGMENT AND STAY**

Before the Court is Plaintiff Candameia Bender's Motion for Entry of Final

Judgment and Stay of Proceedings [Doc. 46] pursuant to Federal Rule of Civil

Procedure 54(b). In her Motion, Plaintiff requests that the Court make its Order [Doc.

38] dismissing Plaintiff's failure-to-accommodate claim under the Rehabilitation Act of

1973, 29 U.S.C. § 701, *et seq.*, the final judgment of the Court.  *See generally* [Doc. 46].

Plaintiff moves for an entry of final judgment on this claim in order to immediately

appeal the dismissal rather than wait to appeal upon adjudication of all claims in this

action. *See generally* [*id.*]. As an additional matter, Plaintiff requests that should the

Court enter final judgment on her failure-to-accommodate claim, it should similarly

enter a stay of proceedings in this action pending the outcome of her appeal. [*Id.* at pp.

12–14]. Defendants oppose both requests. *See generally* [Doc. 51]. For the reasons

discussed in detail below, Plaintiff's Motion for Entry of Final Judgment and Stay [Doc. 46] is **DENIED**.

## BACKGROUND

All claims in this action arise from Plaintiff's employment with the Robins Air Force Base Commissary. On September 6, 2019, Plaintiff filed her original Complaint [Doc. 1] alleging five clams: (1) harassment based on race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); (2) harassment based on sex, in violation of Title VII; (3) retaliation, in violation of Title VII; (4) failure to pay overtime, in violation of the Fair Labor Standards Act ("FLSA"); and (5) violation of the Family Medical Leave Act ("FMLA"). *See* [Doc. 1, ¶¶ 78–135].

Nearly seven months after initiating this action, Plaintiff moved for leave to amend her original Complaint to remove her claim under the FMLA[1] and add a failure-to-accommodate claim under the Rehabilitation Act.[2] [Doc. 23]; [Doc. 25]. The Court

---

[1] On November 19, 2019, Defendant moved to dismiss Plaintiff's claim under the Family Medical Leave Act ("FMLA") for lack of jurisdiction and for failure to state a claim upon which relief could be granted. [Doc. 10]. In this partial dismissal motion, Defendant asserts that Plaintiff is a Title II federal employee and therefore, does not have a private right of action to pursue recovery under the FMLA. [Doc. 10-1, pp. 4–6 (citing *Diggs v. Shineski*, No. CV-109-111-JRH, 2009 WL 3753999, at *3 (S.D. Ga. Nov. 9, 2009); *Cavicchi v. Sec'y of Treasury*, No. 04-10451, 2004 WL 4917357, at *6 (11th Cir. Oct. 15, 2004) (per curiam); *Souers v. Green*, No. CV-108-157, 2010 WL 1169730, at *7 (S.D. Ga. Mar. 23, 2010))]. Plaintiff responded to the partial dismissal motion, agreeing that her status as a Title II federal government employee prevented her from possessing a private right of action under the FMLA. *See generally* [Doc. 17]; [Doc. 18]. The Court dismissed Plaintiff's FMLA claim with prejudice. [Doc. 19, pp. 4–5].

[2] Plaintiff moved for leave to amend her original Complaint by adding a failure-to-accommodate claim under the Americans with Disabilities Act (the "ADA"). [Doc. 23]. However, both parties admit that this claim arises under the Rehabilitation Act. *See* [Doc. 46, p. 4 n.1]; [Doc. 51, p. 2].

granted Plaintiff such leave, and she filed her Amended Complaint [Doc. 25] to include her failure-to-accommodate claim.

Then, one month later, Defendant filed its second partial motion to dismiss, this time seeking dismissal of Plaintiff's failure-to-accommodate claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff's requested accommodation was unreasonable as a matter of law. [Doc. 28-1, pp. 9–11]. Upon review of both parties' briefing on the matter, the Court entered an Order granting Defendant's motion and thereby dismissing Plaintiff's failure-to-accommodate claim. [Doc. 38]. Additionally, in that same Order, the Court denied Plaintiff's request for preliminary injunctive relief, whereby she had asked the Court to require Defendant to provide Plaintiff with a reasonable accommodation for her disabilities[.]" [Doc. 30-1, p. 1]. Following entry of that Order, Plaintiff moved for reconsideration on the Court's dismissal of her failure-to-accommodate claim and denial of her request for a preliminary injunction. *See generally* [Doc. 40]. The Court denied reconsideration of its prior rulings. [Doc. 44].

Now, Plaintiff moves the Court to enter a final judgment under Federal Rule of Civil Procedure 54(b) in order to allow her to immediately appeal the Court's Order dismissing her failure-to-accommodate claim. *See generally* [Doc. 46]. And then, assuming the Court grants such a request, Plaintiff requests that the Court "stay this litigation during the time that [she] pursues an appeal." [*Id.* at p. 6].

## DISCUSSION

### A.    Legal Framework

As a general matter of civil procedure, "an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1288 (citations omitted). However, Rule 54(b) provides an exception to such established procedure. In relevant part, the Rule states that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Plaintiff relies on this Rule to justify immediate appellate review of her failure-to-accommodate claim prior to the Court's adjudication of her still-pending Title VII and FLSA claims.

However, Plaintiff's reliance here must be tempered by the expectation set forth by the Eleventh Circuit in that "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). Therefore, while district courts maintain discretion to certify judgments under this Rule, such discretion should be exercised

"conservatively." *Ebrahimi*, 114 F.3d 162, 166 (citing *Southeast Banking Corp. v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995)).

Mindful of this expectation, the Court now considers the requisite two-step analysis in determining whether entry of final judgment under Rule 54(b) is appropriate. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980); *see also Llyod Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). The Court "must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp.*, 446 U.S. at 7. For clarity, a court's decision "must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Llyod Noland Found., Inc.*, 483 F.3d at 777 (citations omitted). Second, the Court "must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8. The Court makes this determination by balancing judicial administrative interests and relevant equitable concerns. *Id.* Certification is only appropriate under this second prong when "there exists some danger of hardship or injustice through delay, that would be alleviated by immediate appeal." *Southeast Banking Corp.*, 69 F.3d 1539, 1547 n.2 (11th Cir. 1995). Given this background, the Court now issues the following ruling on Plaintiff's request for such certification.

5

**B.    Analysis**

The Court concludes that there is no question that its Order dismissing Plaintiff's

failure-to-accommodate claim is a final judgment under Rule 54(b). And, both parties

agree that the Order effectively dismissed Plaintiff's claim under the Rehabilitation Act

in its entirety. Therefore, as the case presently stands, Plaintiff cannot pursue any form

of relief under that statute. *See* [Doc. 46, pp. 7–8 ("In this instance, the Court should find

that the Order, which has dismissed the entirety of [Plaintiff's] failure[-]to[-

]accommodate claim with prejudice, constitutes a final judgment of this claim.")]; [Doc.

51, p. 5 ("As to the first prong, there is no dispute that the Court's [O]rder granting

Defendant's motion to dismiss Plaintiff's failure-to-accommodate claim is final.")].

Second, the Court has reviewed the briefs supplied by both parties on this matter, and

independently reaches the conclusion that its Order is a final judgment.

Therefore, the critical analysis here centers on whether there is any just reason to

delay the appeal of the adjudicated claim. As noted earlier, this analysis requires

consideration of judicial administrative interests, such as "whether the nature of the

claim[] already determined was such that no appellate court would have to decide the

same issues more than once even if there were subsequent appeals." *Curtiss-Wright*

*Corp.*, 441 U.S. at 8. This interest serves to prevent the dreaded occurrence of piecemeal

litigation. *Id.*

Related to this point, Plaintiff contends that the risk of piecemeal litigation is essentially nonexistent, as the claim she seeks to appeal "raises factual and legal questions that are entirely distinct from the underlying merits of [her] other claims." [Doc. 46, p. 8]. Therefore, even if there were subsequent appeals related to Plaintiff's Title VII or FLSA claims, those appeals would not involve the same facts or legal questions relevant to the resolution of her failure-to-accommodate claim. [*Id.* at p. 9]. The Court does not find Plaintiff's argument particularly compelling—especially upon review of the record as a whole. The Court concludes that the adjudicated and unadjudicated claims in this action largely arise from the same underlying facts. Plaintiff even admits as much in her Amended Complaint. Turning to that pleading, the Court notes that Plaintiff brings her claim for failure-to-accommodate under the Rehabilitation Act in Count V, whereby she "pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 88, as if the same were set forth herein." [Doc. 25, ¶ 128]. In Plaintiff's own words, she argues that the factual allegations contained within these 88 paragraphs similarly support and serve as the basis of her Title VII and FLSA claims. [*Id.* at ¶¶ 89, 98, 109, 118].

However, now, at this stage of the proceedings, when such language appears to conflict with Plaintiff's objective, she refutes the notion that those 88 paragraphs could support each of her claims. Instead, Plaintiff would have the Court ignore the language of her pleading, and independently "review[] the substance of each count . . . [and]. . .

find that there are no similarities and no overlap between what is alleged in support of the Rehabilitation Act claim and the Title VII and FLSA claims." [Doc. 52, p. 4]. In an effort to be thorough, the Court performed such a review and reaches the same conclusion—the facts underlying Plaintiff's now-adjudicated Rehabilitation Act claim are similar to those underlying her unadjudicated Title VII and FLSA claims.

For example, Plaintiff alleges that the disability, for which she requested a reasonable accommodation, arose due to alleged sex-and race-based discrimination by Richard Martinez. To be clear, Plaintiff relies on this very allegation in a subsequent filing to request that the Court enter a preliminary injunction preventing Defendant from engaging in such discriminatory behaviors. *See* [Doc. 30-1, p. 2 ("From the start of Mr. Martinez's interactions with [Plaintiff], he subjected her to frequent harassment in the form of rude and obscene comments and inappropriate conduct. As [a] result of the hostile work environment created by Mr. Martinez, [Plaintiff] began to suffer extreme anxiety and headaches. Later, in December 2018, she was formally diagnosed with Anxiety and Major Depressive Disorder." (citations omitted)]. Plaintiff attributes the cause of her disability to the discriminatory behaviors that serve as the factual underpinnings of her Title VII and FLSA claims. *See Ebrahimi*, 114 F.3d at 167 ("In instances . . . when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)."). Furthermore, in this same filing, Plaintiff requests that Defendant provide her a reasonable

accommodation "by transferring or reassigning her away from Mr. Martinez's hostility and abuse." [*Id.* at p. 9]. Therefore, despite what Plaintiff presently argues to the contrary in this Motion, it is clear based upon a review of the record that Plaintiff has largely premised her Rehabilitation Act claims on the same nucleus of operative facts as her Title VII and FLSA claims. Therefore, if the Court enters final judgment on Plaintiff's failure-to-accommodate claim, there is considerable risk that the Eleventh Circuit "undoubtedly would be required to relearn the same set of facts if and when the case returned" to it on appeal after resolution of Plaintiff's other claims. *Ebrahimi*, 114 F.3d at 167. Accordingly, the Court concludes that judicial administrative interests would be better advanced if an entry of final judgment was not granted in this action.

Still, given the applicable framework, the Court will consider those relevant equitable concerns raised by Plaintiff that suggest she will suffer some danger of hardship or injustice if final judgment is not entered on her failure-to-accommodate claim. Plaintiff argues that she would suffer injury if her appeal was delayed because her failure-to-accommodate claim is her strongest claim. *See* [Doc. 46, p. 10]. Therefore, if the appellate court were to conclude that her requested accommodation was not unreasonable as a matter of law, she would then "be able to prove the essential elements of her case relatively easily[.]" [*Id.* at p. 10]. First, Plaintiff fails to show the Court any basis for the argument that her failure-to-accommodate claim is her strongest claim. Furthermore, given that Rule 54(b) certification is granted as a rarity, it cannot be

true that such certification is warranted every time a district court dismisses an arguably plausible claim under Rule 12(b)(6). This would cause the very overcrowding of the appellate docket that the courts strive to prevent when considering whether to grant certification under Rule 54(b).

Additionally, Plaintiff alleges that if her request to immediately appeal is not granted, she would suffer injury in the form of having to litigate this action twice. [Doc. 46, p. 10]. As to this second point, "[t]he Eleventh Circuit has rejected the argument that the burden of two potential trials justifies a Rule 54(b) certification." *Yessin v. City of Tampa*, No. 8:13-cv-1252-T-33EAJ, 2015 WL 12862477, at *2 (M.D. Fla. Apr. 15, 2015) (citing *Ebrahimi*, 114 F.3d at 168). This alleged injury raised by Plaintiff is one faced by any other plaintiff seeking appellate review of an adjudicated claim when unadjudicated claims remain pending before the district court. Specifically, "Rule 54(b) is not the proper mechanism for seeking appellate review of dismissed claims in order to avoid an additional trial." *Walsh v. Jeff Davis Cnty.*, No. CV-210-075, 2012 WL 2127123, at *2 (S.D. Ga. June 11, 2002). Based upon the arguments presented, Plaintiff has failed to show that "there is no just reason [to] delay" entry of final judgment on her failure-to-accommodate claim.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Entry of Final Judgment and Stay of Proceedings [Doc. 46]. Upon resolution of the remaining

claims pending in this action, a final judgment will be entered at that time, and Plaintiff may then file an appeal on all orders if she so chooses.

**SO ORDERED**, this 12th day of April, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

11